IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. C-09-8 |
| | § | |
| CARLOS ALBERTO CABRERA-RUIZ | § | |
| ANGEL MIRANDA-OROSCO | § | |

## ORDER GRANTING MOTIONS FOR VIDEO DEPOSITIONS
## OF MATERIAL WITNESSES

### Background

Both defendants in this case have entered guilty pleas to Count One of the Second Superseding Indictment charging them with conspiracy to transport and move undocumented aliens by means of a motor vehicle resulting in the death of two individuals (D.E. 62, 63, 64). The government is not seeking the death penalty. Sentencing is set for May 12, 2009 (D.E. 65).

When charges were filed in this case, thirteen individuals were detained as material witnesses. At a status conference held on March 26, 2009, stipulations as to the testimony of five of the material witnesses were entered, and those five witnesses were released.

Pending are the motions of eight witnesses, Rosa Carolina Lara-Guzman, Lesder Hernandez-Perez, Angel Mario Martinez-Rivera, E.F. (a minor child), Ernesto Chevez-Rivera, Carlos Murgas-Guerra, Enemecio Quijada Siderian, and Oscar Alexis Medina-Aguilar, seeking to have their depositions taken. All have had bond set at $5,000 cash or surety, none has been able to post this bond, and the government is opposed to release on

personal recognizance.  Moreover, ICE officials have stated that even if the witnesses are released from U.S. Marshal custody, they cannot guarantee that the witnesses will be paroled into the United States and permitted to remain in this country pending sentencing. The government is opposed to the motions for depositions, while defense counsel are not.

## DISCUSSION

The government's lawyer argued at the status conference that he was opposed to scheduling depositions because depositions will not adequately secure the testimony of the material witnesses and further detention is necessary to prevent a failure of justice in this case, specifically: (1) a deposition will not adequately address all issues which may arise at sentencing; (2) some sentencing issues will be highly contested, requiring that the sentencing court make credibility findings on the testimony of the material witnesses; and (3) the government intends to seek upward departures of the defendants' sentences and needs the live testimony of the material witnesses to do so.

The Government acknowledges that Section 3144 of Title 18 states that "No material witness may be detained because of an inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition and if further detention is not necessary to prevent a failure of justice."  (D.E. 31, at 2). Congress has directly addressed the taking and use of a deposition of material witnesses in alien smuggling cases:

> Notwithstanding any provision of the Federal Rules of
> Evidence, the videotaped (or otherwise audiovisually
> preserved) deposition of a witness to a violation of subsection

> (a) of this section who has been deported or otherwise expelled from the United States, or is otherwise unable to testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

8 U.S.C. § 1324(d).  The Fifth Circuit has upheld constitutional challenges to subsection (d).  United States v. Aguilar-Tamayo, 300 F.3d 562, 564-65 (5th Cir. 2002); accord United States v. Calderon-Lopez, 268 Fed. Appx. 279, 288-89 (5th Cir. 2008) (unpublished).

The government's objections presuppose that the witnesses will be ordered released at the conclusion of the depositions.  Contrary to the Government's assertions, an order scheduling a deposition does not dictate that the material witness will then automatically be released.  See United States v. Lai Fa Chen, 214 F.R.D. 578, 582 (N.D. Cal. 2003) ("Although Rule 15(a) [of the Federal Rules of Criminal Procedure] in conjunction with 18 U.S.C. § 3144 evinces a strong policy that material witnesses should be released from detention after the completion of criminal depositions, a court need not contemporaneously order automatic and immediate release.").  Instead, it simply complies with the statutory requirements Congress established in § 3144.  Interpreting a local rule of the Western District of Texas, the Fifth Circuit concluded that § 3144 requires a deposition as an initial step to continued holding of material witnesses.  See United States v. Allie, 978 F.2d 1401, 1405 (5th Cir. 1992); see also Torres-Ruiz v. U.S. Dist. Court for

the S. Dist. of Cal., 120 F.3d 933, 935-36 (9th Cir. 1997) (per curiam) (material witnesses were entitled to have their depositions taken).

In Aguilar-Ayala v. Ruiz, 973 F.2d 411 (5th Cir. 1992) the Fifth Circuit explained that material witnesses have a liberty interest in avoiding continued detention:

> [U]ndocumented aliens have an overriding liberty interest in not being detained as material witnesses, when the deposition procedure serves as an adequate alternative to prolonged detention. When a witness has been detained solely at the insistence of *the government,* we can conceive of comparably few instances in which *the government's* preference for live testimony over deposition testimony would outweigh the witness' right to be free from continued detention.

973 F.2d at 419-20 (italics in original); see also Torres-Ruiz, 120 F.3d at 936 ("The continued detention of these material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering extreme hardship as a result of petitioners' continued detention, is an exceptional circumstance justifying the extraordinary remedy of mandamus."). The Government must consider the rights of the material witness: "The United States Attorney had a dual responsibility in this case. It was his duty to consider the rights of the witnesses, as well as the right of the appellant...." United States v. Rivera, 859 F.2d 1204, 1207 (4th Cir. 1988) (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 864 (1982))

As the Fifth Circuit has noted, "the government can 'parole' the alien-witness into the community (rather than deport him) so that he will remain within the reach of judicial process." Aguilar-Ayala, 973 F.3d at 419; see also Allie, 978 F.2d at 1403 ("The alien

4

witnesses were given the option of remaining in the United States with a work permit pending trial...."). Such an approach obviates the need for a deposition, limits expenses to the taxpayers, and reduces lengthy detentions of the material witness. Here, the Government has chosen not to make this option available.

The government's argument that a deposition would not adequately secure the testimony of the material witnesses and that further detention is necessary to prevent a failure of justice in this case puts the proverbial cart before the horse. The Government cannot know whether a deposition is adequate unless one is taken. Moreover, it ignores the guidance provided by the Fifth Circuit in Aguilar-Ayala.

If the government intends to seek an upward departure from the calculated guideline sentence, then the government must be aware now of the reasons it intends to do so, and can formulate its deposition questions accordingly. As far as any sentencing enhancements are concerned, there are a limited number of available enhancements in the *Sentencing Guidelines*. All counsel in this case are experienced, and appropriate preparation for the deposition, in conjunction with a working knowledge of the *Guidelines*, should allow all parties to explore aggravating and mitigating circumstances that might apply. The sentencing court can make credibility findings based upon video depositions.

In short, the government's objections to taking the depositions of the witnesses might be valid objections to the *release* of the witnesses, but are not valid objections to the taking of their depositions. These witnesses have been detained since late December

of 2008. The defendants have pleaded guilty and their testimony is no longer needed for trial. The sentencing is not scheduled until May 12, 2009. Holding the witnesses until that time without at least attempting to determine whether their testimony can be secured by a deposition is not in the interests of justice.

## CONCLUSION

The Government has not demonstrated any basis for barring the depositions, including the statutory requirement that the depositions be barred to prevent a failure of justice. Accordingly, the motions of witnesses Rosa Carolina Lara-Guzman, Lesder Hernandez-Perez, Angel Mario Martinez-Rivera, E.F. (a minor child), Ernesto Chevez-Rivera, Carlos Murgas-Guerra, Enemecio Quijada Siderian, and Oscar Alexis Medina-Aguilar seeking to have their video depositions taken are granted. The video depositions are scheduled for **Wednesday, April 15, 2009, at 8:30 a.m.** in the Grand Jury Room of the United States Courthouse at 1133 N. Shoreline, Corpus Christi, Texas. The defendants, all counsel, and all material witnesses are required to appear.

ORDERED this 27th day of March, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE